FILED

10 SEP -2 PM 2:30

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBO LEVY,<br><br>                                      Plaintiff,<br>vs.<br><br>RESIDENTIAL CREDIT SOLUTIONS INC.; et al.,<br><br>                                     Defendants. | CASE NO. 10-CV-0292 BEN (BLM)<br><br>ORDER GRANTING MOTION TO DISMISS AND MOTION TO EXPUNGE LIS PENDENS<br><br>[Docket Nos. 5, 6] |

      Currently before the Court is Defendant Residential Credit Solutions Inc.'s ("Residential's") Motion to Dismiss and Motion to Expunge Lis Pendens. (Docket Nos. 5, 6.) For the reasons set forth below, the Motions are GRANTED.

**BACKGROUND**

      This action arises from the purchase of residential real property located at 2673 Massachusetts Ave, Lemon Grove, California ("Property"). Plaintiff purchased the Property on or around May 14, 2004. (RJN, Ex. A.) Defendant Residential Credit Solutions Inc. is the alleged current servicer of the loan. (First Am. Compl., ¶ 6.) Plaintiff alleges he cannot afford the loan and does not dispute that he is in default under the loan in excess of $ 43,000. (First Am. Compl., ¶¶ 8, 13; RJN, Ex. D.)

      On February 5, 2010, Plaintiff initiated this action against Residential and certain other entities allegedly affiliated with Plaintiff's loan. (Docket No. 1.) As to Residential, Plaintiff alleges, among other things: Residential misrepresented the terms of the loan and approved and serviced the loan even though the loan was not in Plaintiff's best interest (First Cause of Action); Residential violated

California's predatory lending laws under California Financial Code § 4970 et seq. (Fourth Cause of Action); Residential failed to respond to Plaintiff's Qualified Written Request, as required under the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605(e) and Regulation X at 24 CFR 3500 (Fifth Cause of Action); Residential violated California's unfair competition laws under California Business and Professions Code § 17200 et seq. (Eighth Cause of Action); and Residential failed to follow proper default procedure under California Civil Code § 2923.5 (Ninth Cause of Action).[1] Plaintiff seeks, among other things, to quiet title (Third Cause of Action) and recover monetary damages.

On July 19, 2010, Residential filed a Motion to Dismiss and Motion to Expunge Lis Pendens, which are currently before this Court. (Docket Nos. 5, 6). Plaintiff filed an opposition, and Residential filed a reply. (Docket Nos. 9, 10.) The Court finds the motions suitable for disposition without oral argument pursuant to CivLR 7.1.d.1.

## MOTION TO DISMISS UNDER RULE 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of. *Id.* at 556. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ---U.S.----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). That is, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]'

---

[1] Because Residential is the only moving party, the Court only addresses the claims asserted against Residential.

devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). Applying this standard here, the Court finds that Plaintiff's complaint is legally insufficient to state any claim for relief against Residential.

## I. FIRST CAUSE OF ACTION: INTENTIONAL MISREPRESENTATION

The first cause of action asserts a claim for intentional misrepresentation. (First Am. Compl., ¶¶ 17-25.) Intentional misrepresentation requires: "'(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud (i.e., to induce reliance); (4) justifiable reliance; and (5) resulting damage.'" *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226 (1995) (quoting *Molko v. Holy Spirit Ass'n*, 46 Cal.3d 1092 (1988)). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" and are subject to the heightened pleading standard set forth in Rule 9 of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp., USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Plaintiff alleges Residential is the current loan servicer. (First Am. Compl., ¶ 6.) Plaintiff further alleges, "Defendants refinanced and then serviced the loans, although a refinance was not in the best interest of Plaintiff since the payments were actually higher than before the refinance. . . Defendants concealed or suppressed the above material facts with the intent to defraud. . ." (*Id.*, ¶¶ 18, 19.) These allegations fail to state what misrepresentations were made in connection with loan servicing, whether Residential or its alleged predecessor Chase Financial LLC made such misrepresentations, or when the alleged misrepresentations occurred. There are no other allegations under the First Cause of Action that pertain to loan servicers. For example, Plaintiff includes allegations that "Defendants failed to properly assess Plaintiffs' ability to repay. . ." and "Defendants were not looking out for Plaintiffs' best interests. . ." (First Am. Compl., ¶ 18.) These allegations, however, relate to loan origination, not loan servicing. To the extent they may relate to loan servicing, the Court finds they lack specificity, as required under Rule 9, and therefore must be dismissed as well.

In light of the above, the Court finds Plaintiff fails to state a claim for intentional misrepresentation. Accordingly, the First Cause of Action is dismissed without prejudice.

## II. THIRD CAUSE OF ACTION: QUIET TITLE

The third cause of action seeks to quiet title. (First Am. Compl., ¶¶ 32-36.) California Code

1  of Civil Procedure § 760.020 provides a plaintiff may bring an action "to establish title against adverse
2  claims to real or personal property or any interest therein." Cal. Civ. Proc. Code § 760.020(a).
3  "Claim" is defined as including "a legal or equitable right, title, estate, lien, or interest in property or
4  cloud upon title." *Id.* § 760.010(a). A complaint seeking to quiet title must be verified and include:
5  (1) a description of the property; (2) the basis for plaintiff's title; (3) the adverse claim or claims to
6  title; (4) the date as of which the determination is sought; and (5) a prayer for determination of
7  plaintiff's title against the adverse claims. *Id.* § 761.020.

8        Here, Plaintiff describes the Property, alleges he is the "owner in fee of title" to the Property,
9  and alleges Defendants assert an interest in the Property that is adverse to him. (First Am. Compl.,
10 ¶¶ 33, 34.) Plaintiff further states he seeks to quiet title as of the date of the First Amended Complaint
11 and alleges he is "willing and able and hereby offers to tender any and all amounts due to any of said
12 Defendants, upon condition that said Defendants do likewise. . ." (*Id.*, ¶¶ 35, 36.)

13       The Court finds these allegations are insufficient to state a claim for relief. First, the First
14 Amended Complaint is not verified, as required under Section 761.020. Second, Plaintiff does not
15 sufficiently allege that Residential, a loan servicer, possesses an interest, let alone an adverse interest
16 in the Property. Nothing in the public records or the documents submitted by Plaintiff show that
17 Residential possesses an interest in the Property. Plaintiff's generic allegation that all Defendants
18 assert an adverse interest in the Property is insufficient. *Iqbal*, 129 S. Ct. at 1949. Third, the Court
19 finds Plaintiff has failed to establish he is the rightful owner of the Property, i.e., that he has satisfied
20 his obligations under the deed of trust. *Kelley v. Mortgage Elec. Registration Sys.*, 642 F. Supp. 2d
21 1048, 1057 (N.D. Cal. 2009). Under California law, a borrower may not quiet title against a
22 mortgagee without first paying the outstanding debt on the property. *Id.*; *Nool v. HomeQ Servicing*,
23 653 F. Supp. 2d 1047 (E.D. Cal. 2009); *Rivera v. BAC Home Loans Servicing, L.P.*, 2010 WL
24 2757041, at *8 (N.D. Cal. July 9, 2010); *see also Mix v. Sodd*, 126 Cal. App. 3d 386, 390 (1984). It
25 is clear in this case that Plaintiff has not paid the outstanding debt obligation on the Property. (First
26 Am. Compl., ¶ 13; RJN, Ex. D.)

27       In light of the above, the Court finds Plaintiff fails to state a claim to quiet title. Accordingly,
28 the Third Cause of Action is dismissed without prejudice.

### III. FOURTH CAUSE OF ACTION: CALIFORNIA FINANCIAL CODE § 4970 et seq.

The Fourth Cause of Action asserts a claim under California's predatory lending statute. Cal. Fin. Code § 4970 *et seq*. Residential argues the statute only covers lenders and, because Residential is not a lender, it is not liable under Section 4970. The Court agrees.

Section 4973 prohibits certain actions for covered loans. The section expressly precludes and limits certain terms from being included in a "covered loan," as well as certain conduct by those who originate such loans. See Cal. Fin. Code §§ 4970(a)-(n) and 4973. Based on these provisions, it is clear that Section 4970 et seq. covers lenders who negotiate the terms of the loans, and not servicers such as Residential, who become involved with the loans after their execution. This conclusion is supported by the legislative comment that states the legislation is aimed at stemming the practices of a "small minority of *lenders*." See Cal. Fin. Code § 4973, comment (emphasis added).

Plaintiff does not dispute that Section 4973 is aimed at lenders, but instead asserts that Residential is liable as the purchaser of the loan. The First Amended Complaint and Plaintiff's opposition to the Motion, however, are devoid of any factual allegations or law suggesting that Residential purchased the loan or is otherwise liable for the lender's liabilities. Because Residential was not the lender, the Court finds Plaintiff has failed to state a claim against Residential for violation of Section 4970 et seq. Accordingly, the Fourth Cause of Action is dismissed without prejudice.

### IV. FIFTH CAUSE OF ACTION: RESPA VIOLATION

Plaintiff alleges Residential violated the Real Estate Settlement and Procedures Act ("RESPA") by failing to respond to his Qualified Written Request ("QWR") (First Am. Compl., ¶¶ 44-48.) Plaintiffs seek an accounting based on this alleged violation. *Id.*

RESPA requires "any servicer of a federally related mortgage loan" to respond in writing within a specified period to a QWR "from the borrower (or an agent of the borrower) for information relating to the servicing of such loan. . ." 12 U.S.C. § 2605(e) (1)(A). RESPA defines a QWR as follows:

> [A] qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-

>   (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
>   (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).

Here, Plaintiff alleges simply that "[o]n or about December 23, 2009, Plaintiff, through counsel, sent a [QWR] via certified mail to Chase. . . which [Residential] also has a copy of." (First Am. Compl., ¶ 44.) The allegation then lists the information sought. (*Id.*) Absent from the First Amended Complaint, however, are factual allegations demonstrating that Plaintiff sent the QWR to Residential or that the QWR included information that would enable Residential to identify the borrower's names and account, as well as a statement of the reasons the borrower believed the account was in error.

Additionally, the Court is unaware of any statutory basis for an accounting under RESPA. *See Orozco v. DHI Mortgage, Co. Ltd*, LP, 2010 WL 2757283, *6 (S.D. Cal. 2010) (citing *Gaitan v. Mortgage Elec. Registration Sys.*, 2009 WL 3244729, *13 (C.D. Cal. 2009). For these reasons, the Court finds Plaintiff's Fifth Cause of Action fails to state a claim for relief against Residential.

The Fifth Cause of Action is dismissed without prejudice.

## V. EIGHTH CAUSE OF ACTION: CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 et seq.

California Business and Professions Code section 17200 provides, "[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising. . ." Cal. Bus. & Prof. Code § 17200. Section 17200 "borrows" violations of other laws and treats them as unlawful business practices "independently actionable under section 17200." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). "Violation of almost any federal, state, or local law may serve as the basis for a[n] [unfair competition] claim." *Plascencia v. Lending 1st Mortgage*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008). Facts supporting a claim under Section 17200 must be pled with reasonable particularity. *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993).

Here, Plaintiff's allegations generally center on the parties' conduct during the loan origination process. (First Am. Compl., ¶¶ 7-16.) However, according to Plaintiff, Residential merely serviced

the loan; it did not broker or execute the loans. (First Am. Compl., ¶ 6.) To the extent Plaintiff's claim is based on purported unlawful acts set forth under Plaintiff's other causes of action, then for the same reason those causes of action fail against Residential, the Court finds they fail here as well.

In light of the above, the Court finds Plaintiff fails to state a claim for relief under California's Unfair Competition Laws. The Eighth Cause of Action is dismissed without prejudice accordingly.

## VI.   TENTH CAUSE OF ACTION: CALIFORNIA CIVIL CODE § 2923.5

The Tenth Cause of Action asserts a claim under California Civil Code § 2923.5 and alleges that Defendants, including Residential, were required to attempt a loan "work out" for the thirty day period prior to initiating foreclosure proceedings. (First Am. Compl., ¶¶ 75-80.) Residential contends this claim should be dismissed because Plaintiff was contacted on or before February 10, 2010, as required under Section 2923.5, and yet foreclosure proceedings did not commence until May 17, 2010, i.e., more than 90 days later. (RJN, Ex. D.) Plaintiff does not dispute these contentions or otherwise dispute that the Tenth Cause of Action should be dismissed for failing to state a claim.

Accordingly, the Tenth Cause of Action is dismissed without prejudice.

## MOTION TO EXPUNGE LIS PENDENS

On February 5, 2010, Plaintiff filed a lis pendens against the Property. (Docket No. 3.) On July 19, 2010, Residential filed a motion to expunge the lis pendens. (Docket No. 6.) Residential argues that an order expunging the lis pendens should be granted because Plaintiff does not state a valid real property claim and Plaintiff cannot establish the probable validity of any real property claim contained in the unverified Complaint by a preponderance of the evidence. Despite being represented by counsel, Plaintiff has not filed an opposition or other response to this motion. Pursuant to Civil Local Rule 7.1.e.2, Plaintiff's opposition or other response, if any, was due no later than August 16, 2010.

Civil Local Rule 7.1.f.3.c provides,

> If an opposing party fails to file papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

As Plaintiff has failed to file an opposition or other response as required by Local Rule 7.1.e.2, the Court hereby **GRANTS** Residential's Motion to Expunge Lis Pendens (Docket No. 6). The lis pendens filed by Plaintiff against the Property on February 5, 2010 as Instrument Number

2010-0062661 in the San Diego County Recorder's Office is expunged. Residential's request for attorneys' fees and costs incurred in connection with the Motion to Expunge Lis Pendens is **DENIED**.

### CONCLUSION

In light of the above, the Court **GRANTS** Defendant Residential Credit Solutions Inc.'s ("Residential's") Motion to Dismiss and Motion to Expunge Lis Pendens. (Docket Nos. 5, 6.) The lis pendens filed by Plaintiff against the Property on February 5, 2010 as Instrument Number 2010-0062661 in the San Diego County Recorder's Office is **EXPUNGED**. Residential's request for attorneys' fees and costs incurred in connection with the Motion to Expunge Lis Pendens is **DENIED**.

IT IS SO ORDERED.

Date: 9/01/2010

Hon. Roger T. Benitez
United States District Court Judge